IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANTZCEAU HYPPOLITE, : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 19-cv-2965-JDW |
| : | |
| LONG ISLAND UNIVERSITY, : | |
| Defendant. : | |

## MEMORANDUM

In this civil case, Plaintiff Frantzceau Hyppolite is representing himself and has filed a civil action against Long Island University ("LIU"). He has filed an application to be excused from paying a filing fee and therefore to proceed *in forma pauperis*. For the reasons stated below, the Court grants leave to proceed *in forma pauperis*. However, after reviewing the Complaint and construing it liberally, the Court concludes that Mr. Hyppolite has not stated a plausible claim, and it will therefore dismiss the Complaint. However, the Court will grant Mr. Hyppolite leave to file an amended complaint, if he elects to do so.

### I. FACTS

The Court accepts the facts in Mr. Hyppolite's complaint as true and construes them liberally in recognition of his status as a *pro se* plaintiff. In his Complaint, Mr. Hyppolite alleges that he attended LIU and appears to acknowledge that he owes the school money. He claims that the school has hired a law firm to "freeze" his bank account and that the school will not release his degree to him. Mr. Hyppolite avers that he sent the law firm a "verification letter to validate [his] debt," but that he did not receive a response. (Compl. (ECF No. 2) at § III.C.) He alleges that because LIU has frozen his account, he cannot pay his bills, including his student loans. He appears to request both damages and an order directing LIU to release his degree. (*Id.* at § V.)

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pa. Dept. of Corrections*, -- Fed. App'x --, 2019 WL 2577750, at * 2 (June 24, 2019). Moreover, because Mr. Hyppolite is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Hyppolite has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. (ECF No. 1.) Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims In The Complaint

The Complaint does not articulate a specific cause of action. The Court can discern two possible claims in Mr. Hyppolite's Complaint. First, Mr. Hyppolite might be complaining about the way that LIU has attempted to collect the debt that it is owed, which suggests a claim under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Second, Mr.

Hyppolite might be complaining that LIU breached a contract by withholding his degree. As explained below, neither claim could survive a motion to dismiss, at least as currently pled.

1. **FDCPA**

Mr. Hyppolite has not stated a viable FDCPA claim because he has not asserted a claim against a debt collector. Instead, he has asserted a claim against a creditor, and the FDCPA does not allow for such a claim. "The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005); *see also* 15 U.S.C. §§ 1692e, 1692f, 1692k. "To state a claim under the FDCPA, a plaintiff must allege, among other things, that the defendant is a debt collector." *Berger v. Hahnemann Univ. Hosp.*, 765 Fed App'x 699, 706 n.14 (3d Cir. 2019) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act]." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (internal quotations omitted).

Here, the Complaint alleges that Mr. Hyppolite owes money to LIU. That is, LIU is a creditor. Therefore, LIU is not subject to the FDCPA, and Mr. Hyppolite's claims under the FDCPA, if any, must be dismissed. *See Guyton v. PECO Inc*, 770 F. App'x 623 (3d Cir. 2019) (per curiam) (affirming dismissal under § 1915 where "[d]efendants were not 'debt collectors' as that term is defined; rather, Defendants were attempting to collect a debt in their own name").

## 2. Breach of contract

The Complaint does not state a plausible breach of contract claim against LIU because it does not allege the existence of a contract between Mr. Hyppolite and LIU, nor does it specify any of the terms of that agreement. Therefore, Mr. Hyppolite cannot maintain a breach of contract claim on the face of the Complaint he has filed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hyppolite leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give him an opportunity to file an amended complaint within 30 days. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**