**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FRANTZCEAU HYPPOLITE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LONG ISLAND UNIVERSITY, et al.,**<br><br>*Defendants.* | Case No. 5:19-cv-02965-JDW |

**MEMORANDUM**

Frantzceau Hyppolite claims that Long Island University (LIU) refuses to release his degree to him because of the money he owes the school. He says he cannot pay his student loans because LIU hired a law firm to freeze his bank account. He asks this Court to "make LIU give [him] [his] degree. . . ." But this Court cannot help Mr. Hyppolite because LIU is chartered and does all its business in New York State. The Court lacks personal jurisdiction over LIU and will therefore dismiss Mr. Hyppolite's claims against it.

**I.     FACTUAL BACKGROUND**

   **A.     The Allegations In The Case**

While residing in Brooklyn, New York, Mr. Hyppolite attended LIU, a private University chartered in the State of New York with campuses in Brooklyn, New York and Brookville, New York. According to the Amended Complaint, Mr. Hyppolite concluded his studies in 2009. But because of his unpaid student bills, LIU refused to award his degree to him. Sometime after that, Mr. Hyppolite filed for bankruptcy and, according to the Amended Complaint, he "never hear[d] from LIU" again. (ECF No. 6 at 6.) In 2012, Mr. Hyppolite moved to Pennsylvania. LIU then hired an attorney, Kevin A. Stevens, who froze Mr. Hyppolite's bank account.

### B. Procedural History

Mr. Hyppolite filed his Complaint on July 7, 2020 alleging two claims against LIU: a claim under the Fair Debt Collections Practices Act; and a breach of contract claim. The Court dismissed his original Complaint without prejudice. On July 29, 2020, Mr. Hyppolite filed an Amended Complaint. He added LIU's collections counsel, Kevin A. Stevens Law Offices, as a defendant and alleged that there is a contract between him and the school. (*Id.* at 4.)

On September 1, 2020, LIU filed a Motion to Dismiss Plaintiff's Amended Complaint. On September 18, 2020, the Court extended Mr. Hyppolite's deadline to respond to LIU's Motion until October 2, 2020. Mr. Hyppolite did not respond within that time frame. As a result, the Court granted LIU's Motion as unopposed pursuant to Local Rule of Civil Procedure 7.1(c). But on October 19, 2020, over two weeks past the deadline, Mr. Hyppolite filed a Response to Defendant's Motion to Dismiss. Mr. Hyppolite claims that he emailed his response to the motion earlier than what the docket shows, but the Court has no record of receiving anything from him before the date on the docket. Nevertheless, in the abundance of caution, the Court will vacate its previous Order (ECF No. 28) and will consider Mr. Hyppolite's Response.

## II. LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the court must take all of plaintiff's factual allegations as true and resolve all factual disputes in the plaintiff's favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F. 3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Land Hotel Co., Ltd.*, 396

F.3d 312, 316 (3d Cir. 2007). Moreover, the Court is mindful that Mr. Hyppolite is proceeding *pro se* and will therefore construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F. 3d 333, 339 (3d Cir. 2011).

### III.   ANALYSIS

The Due Process Clause of the Fourteenth Amendment requires that the defendant have "minimum contacts" with the forum state such that exercising personal jurisdiction would "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Personal jurisdiction can arise under two distinct theories: general jurisdiction and specific jurisdiction. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009). The Court can only exercise general jurisdiction over LIU if its contacts with Pennsylvania are so systematic and continuous as to render it at home in Pennsylvania. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014)). Mr. Hyppolite makes no allegations to that effect, and the Court sees no basis for such a finding.

The Court can exercise specific jurisdiction over LIU if it has minimum contacts with Pennsylvania and those contacts give rise to Mr. Hyppolite's claim. Courts use a three-part test to determine "minimum contacts:" (1) a nonresident defendant must "purposefully direct" its activities at a resident of the forum, (2) the plaintiff's injury arises from, or relates to, those activities, and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. *See D'Jamoos ex rel. Estate of Weinegroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "This determination is both claim-specific and defendant-specific." *Action Manufacturing Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 419 (E.D. Pa. 2005) (citation omitted).

LIU did not purposely direct its activities at residents of Pennsylvania. To the contrary, in his Amended Complaint Mr. Hyppolite asserts that after his "[b]bankruptcy went through," but before he moved to Pennsylvania, "he never hear[d] from LIU." (ECF No. 6 at 6.) Thus, all of the actions giving rise to Mr. Hyppolite's claim against LIU took place in New York, not in Pennsylvania. Whatever injury Mr. Hyppolite suffered as a result of LIU's alleged conduct took place there. Even if Mr. Hyppolite felt the effects of those injuries in Pennsylvania, he makes no allegations that would suggest that LIU had minimum contact with Pennsylvania. *See e.g.*, *Isaacs v. Trustees of Dartmouth Coll.*, No. CIV.A. 13-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015). Mr. Hyppolite cannot rely on LIU's debt collection efforts to justify the exercise of personal jurisdiction over LIU. None of the debt collection efforts give rise to the injury that Mr. Hyppolite claims in his breach of contract claim against LIU.

### IV.     CONCLUSION

The Court has considered Mr. Hyppolite's arguments, even though they appear to have been untimely. But his arguments do not demonstrate that the Court has a basis to exercise jurisdiction over LIU. If Mr. Hyppolite wants to pursue claims against LIU, he will have to do so in a New York court, not here.

                                      **BY THE COURT**

                                      */s/ Joshua D. Wolson*
                                      HON. JOSHUA D. WOLSON
                                      United States District Judge

November 3, 2020